SHU SHENG SUNG, a.k.a. Li Jiao Pan, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–1634–AG.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

Meer M.M. Rahman, New York, NY, for Petitioner.

Toi Denise Houston, Assistant United States Attorney (Timothy G. Hayes, Law Clerk, on the brief), for Joseph S. Van Bokkelen, United States Attorney, Northern District of Indiana, Hammond, IN, for Respondent.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Shu Sheng Sung, a native and citizen of China, seeks review of a March 13, 2006 order of the BIA denying her motion to reconsider its January 30, 2006 order adopting and affirming the September 14, 2004 decision of immigration judge ("IJ") William Jankun denying Sung's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Shu Sheng Sung,* No. A79 668 459 (B.I.A. March 13.2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d

232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). A motion to reconsider "requests that the original decision be reexamined in light of additional legal arguments, a change of law, or an argument or aspect of the case that was overlooked." *In re Cerna,* 20 I. & N. Dec. 399, 399 (BIA 1991). The motion must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir. 2001). In her motion to reconsider, Sung alleged that the BIA improperly interpreted the amended definition of a refugee, arguing that Sung's decision to have the child was itself a resistance to the Chinese family planning policy, and the fine constituted persecution. She presented the same arguments to the BIA on direct appeal of the IJ's decision, upon which the BIA determined that the record supported the IJ's denial of relief. Because Sung did not present any new arguments to the BIA in her motion to reconsider, the BIA did not abuse its discretion in denying the motion. *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's motion for a stay of removal is DENIED as moot.